# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Palmetto State Bank, | ) | |
| | ) | Civil Action No.: 1:16-cv-03800-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Akeya Johnson, | ) | |
| | ) | |
| Defendant, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Deposit Insurance Corporation as Receiver for Allendale County Bank, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

This matter is before the court pursuant to Defendant Akeya Johnson's ("Defendant") Motion to Amend Answer, Dismiss Counterclaims and Defendant, and Remand. (ECF No. 11.) Plaintiff Palmetto State Bank ("Plaintiff") and Counter-Defendant Federal Deposit Insurance Corporation ("FDIC-R") oppose Defendant's Motion. (ECF Nos. 17, 20.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Amend Answer, Dismiss Counterclaims and Defendant, and Remand (ECF No. 11).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2014, the South Carolina Commissioner of Banking declared Allendale County Bank ("ACB") insolvent and appointed FDIC-R as its Receiver. (ECF No. 1-2.) The FDIC-R as Receiver for ACB succeeded to all rights, titles, powers and privileges of ACB pursuant to 12 U.S.C. § 1821(d)(2)(A). (ECF No. 1 at 2.) Also on April 25, 2014, pursuant to a Purchase and Assumption Agreement between the FDIC-R and Plaintiff, Plaintiff purchased certain assets

of the failed ACB, including the subject loan, while the FDIC-R retained certain liabilities. (ECF No. 20 at 1.)

On March 7, 2016, Plaintiff filed a Complaint against Defendant in the Allendale County Magistrate's Court, seeking recovery for the amounts owed under Loan Number XXXXXXX41. (ECF No. 1-4.)

On June 8, 2016, Defendant filed her Answer and Counterclaims seeking judgment against Plaintiff in an amount in excess of ten thousand dollars ($10,000) and, consequently seeking removal of the matter to the state circuit court based on the amount in controversy exceeding the jurisdictional limit of the Magistrate's Court. (ECF No. 2.) Plaintiff timely replied. (ECF No. 20 at 2.) As a result, the matter was transferred to the Allendale County Court of Common Pleas, Case No. 2016-CP-03-00143 ("State Court Action"). *See id*.

Subsequently, based upon the FDIC-R's indemnification obligation to Plaintiff in relation to Defendant's claims and its interest in the disposition of the receivership assets, FDIC-R filed on August 11, 2016, its Motion to Join or, Alternatively, to Intervene in the State Court Action. (ECF No. 4.) Pursuant to the Consent Order Joining and Substituting FDIC-R, filed October 3, 2016 in the State Court Action, FDIC-R was joined to the action and substituted as the proper defendant to Defendant's counterclaims. (ECF No. 4-1.)

On December 2, 2016, FDIC-R removed the action to this court pursuant to 12 U.S.C. § 1819 (b)(2)(A) (any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States") and 12 U.S.C. § 1819(b)(2)(B) (". . . the Corporation may. . . remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the . . . Corporation is substituted as a party"). (ECF No. 1.)

On January 2, 2017, Defendant filed a Motion to Amend Answer, Dismiss Counterclaims and FDIC-R, and Remand, asserting FDIC-R is no longer a party in interest, due to Defendant dismissing all counterclaims in her proposed amended Answer. (ECF No. 11.)

On January 17, 2017, Plaintiff filed an Opposition to Defendant's Motion to Amend Answer, Dismiss Counterclaims and Defendant, and Remand, asserting (1) Defendant has waived her right to seek dismissal of FDIC-R, (2) FDIC-R is a proper and necessary party regardless of whether Defendant labels her allegations as counterclaims or affirmative defenses, (3) even if FDIC-R is dismissed as a party, federal jurisdiction still exists, and (4) strong public policy concerns require the denial of the Motion. (ECF No. 17.)

On January 17, 2017, FDIC-R filed its Opposition to Defendant's Motion to Amend Answer, Dismiss Counterclaims and Defendant, and Remand, asserting (1) FDIC-R is a real party in interest and must remain a party to the action, and (2) even if FDIC-R is dismissed as a party, federal jurisdiction still exists. (ECF No. 20.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2012). A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); *see also Bullion Servs, Inc., v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995). Additionally, when the FDIC is a party, the entire action is deemed to arise under the laws of the United States. *See Fed. Deposit Ins. Corp.*, 58 F.3d 1041, 1045 (4th Cir. 1995).

Further, the FDIC has a statutory right in each case in which it is a party to remove a case from state court to federal court pursuant to the Financial Institution Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 State. 1983 *et seq*. Specifically, the FDIC has 90 days from the date it is substituted as a party to remove the action from state court to the appropriate United States district court. 12 U.S.C. § 1819(b)(2)(B).

### III.    ANALYSIS

The first dispute in this matter is whether Defendant has waived her right to seek dismissal of FDIC-R by amending her Answer to dismiss her counterclaims. Defendant consented to FDIC-R's joinder through the Consent Order filed on October 3, 2016. (ECF No. 4-1.) South Carolina courts treat consent orders as agreements between the parties that are made "under the sanction of the court." *Johnson v. Johnson*, 310 S.C. 44, 47 (Ct. App. 1992) (citing *Jones & Parker v. Webb*, 8 S.C. 202 (1876)). However, since a consent order is an agreement of the parties, it can be rescinded by mutual consent in a subsequent court action. *Id*. The Consent Order was filed with the agreement of all parties, and Defendant may not unilaterally seek to modify that agreement by attempting to dismiss FDIC-R. *See Johnson*, 301 S.C. at 47; *see also Black v. Black*, No. 2007-UP-462, 2007 WL 8392132, at *4 (S.C. Ct. App. Oct. 11, 2007) (finding that respondent/appellant was bound by his own agreement embodied in the trial court's consent order).

Moreover, it is "well established that a party to a consent judgment waives any objections to matters within the scope of the judgment." *See Zarrin v. Beit-Dashtoo*, No. 95-2734, 1996 WL 283320, at *1 (4th Cir. May 30, 1996); *see also Thonen v. Jenkins*, 455 F.2d 977, 977 (4th Cir. 1927) ("defendants cannot appeal from an order entered with their consent unless they establish facts to nullify their consent") (internal citations omitted).

Defendant asserts that objecting to the FDIC-R's Motion to Join or, Alternatively, to Intervene, would have been a moot point because at the time of FDIC-R's Motion, Defendant's counterclaims necessitated that FDIC-R intervene to protect Plaintiff. (ECF No. 21 at 2.) However, Defendant contends that FDIC-R's involvement in the matter prompted Defendant to revisit her counterclaims against Plaintiff, and, ultimately, to file her Motion to Amend and Dismiss. *See id.* Defendant now believes "FDIC has done what it set out to do; Plaintiff is protected." *Id.* However, as discussed in further detail below, FDIC-R is a necessary party and Defendant has not established any viable facts to nullify her consent. Thus, the court finds that Defendant has waived her right to amend her Answer to seek dismissal of FDIC-R.

The second dispute in this matter is whether FDIC-R is a necessary party, thereby determining whether this matter should be remanded to state court on account of the absence of federal question jurisdiction. Under Federal Rule of Civil Procedure 19(a), a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations because of the interest." The court finds that regardless of whether Defendant labels her allegations as counterclaims or defenses, FDIC-R is still a necessary and proper party. Pursuant to the Purchase Agreement, FDIC-R must indemnify Plaintiff against any liabilities incurred prior to its appointment as receiver for ACB. (ECF No. 17-1.) While Defendant eliminates her counterclaims in her proposed amended Answer, Defendant bases her affirmative defenses on the alleged acts and omissions of ACB, all of which occurred before FDIC-R was appointed receiver. (ECF No. 11-1.)

5

Under the terms of the Purchase Agreement, FDIC-R is required to indemnify Plaintiff and assume its defense with respect to Defendant's allegations, regardless of whether they are labeled as affirmative defenses or counterclaims. (ECF No. 17-1) (providing that FDIC-R must indemnify Plaintiff against all losses incurred in connection with claims based on liabilities of ACB.) Whether FDIC-R must take part in this case is a matter of contract between Plaintiff and FDIC-R, and Defendant may not amend her Answer to invalidate this obligation by styling her claims as defenses. *See Dent v. Beazer Materials & Servs., Inc.*, 993 F. Supp. 923, 941 (D.S.C. 1995) ("South Carolina courts construe indemnification contracts in accordance with general rules of construction for contracts.") (citing *Campbell v. Beacon Mfg. Co., Inc.*, 313 S.C. 451, 453-54 (Ct. App. 1993); *Fed. Pac. Elec. v. Carolina Prod. Enterprises*, 298 S.C. 23, 26 (Ct. App. 1989)).

Under Federal Rule of Civil Procedure 8(c)(2), where a party mistakenly designates a counterclaim as a defense, "the court must, if justice requires, treat the pleading as though it were correctly designated." Counterclaims seek affirmative relief, while affirmative defenses merely attempt to defeat a cause of action. *See JPMorgan Chase Bank, N.A. v. E.-W. Logistics, L.L.C.*, 9 N.E.3d 104, 119 (Ill. App. Ct. 2014). The affirmative defenses in the proposed amended Answer seek affirmative relief because they seek an affirmative recovery and a financial recovery by reducing the amount Defendant owes. (ECF No. 11-1.) Defendant pleads setoff as her Fifth Affirmative Defense. (ECF No. 11-1 at 2.) The defense of setoff "has the nature and effect of an independent action by the defendant against the plaintiff," and may be raised as a counterclaim. *Buchweiser v. Estate of Laberer*, 695 S.W.2d 125, 129 (Mo. 1985); *see also TVI, Inc. v. Infosoft Techs., Inc.*, No. 4:06 CV-697 (JCH), 2007 WL 3565208, at *5 (E.D. Mo. Nov. 15, 2007) (finding that the defendant had raised setoff as a counterclaim where the Defendant's Second Answer and Counterclaim showed a clear intent to plead setoff as a counterclaim and the defendant's actions

6

throughout the litigation did not suggest that it raised a setoff claim simply to avoid a cause of action).

Defendant is not simply seeking to defeat Plaintiff's cause of action. Rather, she is seeking an affirmative recovery – the reduction of her debt. Specifically, Defendant asks that her debt be reduced by the amounts due caused by "Plaintiff, assignor or its *predecessor in interest*." (ECF No. 11-1 at 2) (emphasis added). The Consent Order specifies that Defendant's counterclaims were premised solely on actions by ACB, which do not constitute claims that were assumed by or transferred to Plaintiff. (ECF No. 4-1.) The same is true with Defendant's affirmative defenses; they all involve alleged actions committed solely by ACB, and do not constitute liabilities that Plaintiff assumed pursuant to the Purchase Agreement. (ECF No. 11-1.) Therefore, Defendant's set-off claim is not viable against Plaintiff. *See Nashville Lodging Co. v. RTC*, 59 F.3d 236, 247 (D.C. Cir. 1995) (holding that a borrower cannot reduce its loan obligation to a receiver's assignee based on failed bank's liabilities that are retained by the receiver); *see also Fed. Deposit Ins. Corp. v. Robuck Co., Inc.*, 473 F. Supp. 323, 327 (D.S.C. 1979) (citing *Fed. Deposit Ins. Corp. v. Vogel*, 437 F. Supp. 660 (E.D. Wis. 1977) (dismissing defendant's set-off and counterclaim against assuming bank as any such action must be alleged against the failed bank's receiver, the FDIC)).

The court does not find it necessary to address Plaintiff and FDIC-R's arguments, or Defendant's opposition to these arguments, that federal jurisdiction still exists even if FDIC-R is dismissed as a party because, as discussed above, FDIC-R is a necessary party to this action and thus, the court retains jurisdiction over this matter.

## IV.     CONCLUSION

Based on the aforementioned reasons, Defendant's Motion to Amend Answer, Dismiss Counterclaims and Defendant, and Remand (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED.**

                                                United States District Judge

September 12, 2017
Columbia, South Carolina